IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MIKKEL RASHAUN SHELTON-TIPTON,** : | |
| : | |
| Plaintiff, : | |
| : | |
| V. : | NO. 5:25-cv-00044-MTT-CHW |
| : | |
| **CENTRAL STATE PRISON,** *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

### ORDER OF DISMISSAL

Plaintiff Mikkel Rashaun Shelton-Tipton, an inmate in Telfair State Prison in Helena, Georgia, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also filed a motion for leave to proceed in this action *in forma pauperis*. ECF No. 2. Plaintiff's motion to proceed *in forma pauperis* is now **GRANTED**, as set forth below. Thus, his complaint is ripe for preliminary review. On that review, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to pre-pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must

1

nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay an initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.      Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Telfair State Prison. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.     Plaintiff's Obligations Upon Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.     Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Pro se

pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The pleading cannot "merely create[] a suspicion that the pleader might have a legally cognizable right of action." 5 Charles Alan Wright & Arthur Alan Miller, *Federal Practice and Procedure* § 1206 (4th ed. June 2024 update). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

4

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Factual Allegations

In his complaint, Plaintiff asserts that, in November 2023, he was being transferred after having been in segregation for ten days. ECF No. 1 at 5. On his release from segregation, Plaintiff asked about property that had been taken from him. *Id.* Lieutenant Taylor told Plaintiff that his belongings would be packed for him. *Id.* When Plaintiff's transportation arrived, however, his property was not packed. *Id.* At that point, Taylor told Plaintiff that his property would be shipped to his next institution. *Id.*

Upon his arrival at Telfair State Prison, Plaintiff told the warden that his property had not been sent to the prison. *Id.* Plaintiff was then placed in the Tier program. *Id.* He repeatedly spoke to officers about his property. *Id.* At some point, a counselor told Plaintiff that she was looking into where his property was located. *Id.* The counselor subsequently told Plaintiff to write to Officer Smith, who was in charge of property. *Id.*

Thereafter, Plaintiff was informed that he could not have his property until he was off restriction on April 26, 2024. *Id.* Once that date had passed, Plaintiff continued to ask about his property, but he never received his belongings. *Id.* Plaintiff filed this complaint naming Central State Prison and the Georgia Department of Corrections as defendants.

  III. <u>Plaintiff's Claims</u>

    A. <u>Immunity</u>

As an initial matter, the defendants that Plaintiff has named, Central State Prison and the Georgia Department of Corrections, are immune from this suit. In particular, the Eleventh Amendment bars a §1983 action against the State of Georgia and its agencies, regardless of whether a plaintiff seeks monetary damages or prospective injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment bar to suit against state applies "regardless of the nature of the relief sought"); *Stevens v. Gay*, 864 F.2d 113, 114-15 (11th Cir. 1989) ("The Eleventh Amendment bars this action against the Georgia Department of Corrections and Board of Corrections."). Additionally, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Here, both the Georgia Department of Corrections and Central State Prison are agencies of the State of Georgia, and thus, they are immune from this suit under the Eleventh Amendment.

    B. <u>Due Process</u>

Even if Plaintiff had named a proper defendant, he has not stated a claim for relief. In this regard, Plaintiff's allegation that he was deprived of his property implicates a potential claim for denial of due process. To state such a claim, a plaintiff must allege facts showing that he was deprived of life, liberty, or property without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (recognizing that prisoners "may not be deprived of life, liberty, or property without due process of law").

The Due Process Clause of the Fourteenth Amendment, however, is not offended

6

when a government official deprives an individual of his personal property if the state makes available a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). And the State of Georgia provides Plaintiff an adequate post-deprivation remedy for the loss of his property through a state court action. *See* O.C.G.A. §§ 51-10-1 through 51-10-6; *see also Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (finding no due process violation for the retention of the plaintiffs' cash by the police because Georgia "has provided an adequate post deprivation remedy" in O.C.G.A. § 51-10-1). Thus, Plaintiff's allegations regarding the failure to return his property to him do not state a due process claim.

    IV.    <u>Conclusion</u>

Because Plaintiff's complaint does not state a claim upon which relief may be granted, it is now **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**, this 28th day of March, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT